# United States District Court

## Eastern District of Missouri

UNITED STATES OF AMERICA  
v.  
GARY DOTSON  
*Defendant*

**ORDER OF DETENTION**  
☑ **PENDING TRIAL**

Case Number: 4:14CR145 JAR

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f) a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part 1 - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _1_____*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☑ (1) There is probable cause to believe that the defendant has committed an offense
- ☑ for which a maximum term of imprisonment of ten years or more is prescribed in _8 U.S.C. § 2251, 2252 and 2252(a)_
- ☐ under 18 U.S.C. §924(c).

☑ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ a preponderance of the evidence that ☐ clear and convincing evidence that no condition or combination of conditions will assure the Defendant's appearance at trial, and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

The Defendant is charged by way of indictment with one count of sexual exploitation of children by the production and attempted production of child pornography and the dissemination of that child pornography. He is also charged with two counts of possession of child pornography and transporting child pornography. The maximum possible sentence for the above three charges is imprisonment of not less than fifteen years nor more than thirty years, and a fine of $250,000 or both. A lifetime term of supervised release may also be imposed. The undersigned held a detention hearing in the above matter on May 16, 2014. At that hearing,

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 30, 2014

/s/ Terry I. Adelman  
*Signature of Judicial Officer*

United States Magistrate Judge  
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. 5801 *et seq.*) (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*) or (c) Section I of Act of Sept. 15, 1980 (21 U.S.C. §955a).

DEFENDANT: GARY DOTSON

CASE NUMBER: 4:14CR145 JAR

## Continued

the Defendant and his attorney appeared as well as the Government's attorney. The Government's attorney proffered several items of information, and the Defendant's attorney also proffered information. The Court will use this information in determining detention, as well as the report from the Pretrial Services Office.

In this regard, the Government has charged and will show that the Defendant attempted to take a picture of his girlfriend's 11 year-old daughter while she was showering, and intended to make that available on the internet. In addition, the Defendant took a picture of his seven-year old niece's genitalia, and also disseminated that on the internet. The Defendant's computer was searched and seized in 2012 by authorities. Forensic searches of the computer revealed the above two potential victims, as well as other potential victims who the Defendant photographed. They also revealed that the Defendant was in the community taking pictures of younger girls at the zoo and other public places. In addition, as part of the investigation, when the Defendant's computer was examined, law enforcement authorities found the Defendant engaged in chat talks with other child pornographers in which he stated graphically his wishes and desires as far as minor children were concerned. The Defendant also proffered in this case that the Defendant was not in custody during the pendency of the investigation and, thus, there is no evidence that the Defendant would be a danger on release. In countering this, the Government stated that its investigation was of long-term duration, and necessitated the running down and finding of individual victims. The Government still is pursuing the possibility of other individual victims.

Based on the above, the undersigned concludes that the Defendant in this case is a danger to the community as well as a flight risk. The Defendant's activity of allegedly photographing minor children and especially his chat room talks with graphic language, lead the undersigned to believe that there are no conditions which would assure the safety of the community. The Defendant in this case faces a mandatory 15-year non-parolable sentence. This alone heightens the flight risk of the Defendant. When combined with the Defendant's graphic chat room discussions, the undersigned concludes that this makes him a danger to act on those discussions and, thus, he should be detained.